UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HDDA, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>DEEPAK PATEL,<br>PUSHPABEN PATEL,<br>JORDAN HAAS,<br>JUNE HAAS,<br>KUNAL MODY,<br>CRYSTAL PATEL,<br>RAMESH MODY and<br>SMITA MODY,<br><br>  Defendants. | Case No. _____ |

## COMPLAINT

HDDA, LLC ("Plaintiff" or "Lender") files this Complaint against Deepak Patel, Pushpaben Patel, Jordan Haas, June Haas, Kunal Mody, Crystal Patel, Ramesh Mody and Smita Mody (collectively, "Defendants") seeking damages, stating as follows:

**Parties, Jurisdiction and Venue**

1.

Plaintiff is a Delaware limited liability company. Plaintiff's sole member is WCP APF Sub Holdings, Inc. ("WCP"), a Delaware corporation. The officers of

1

Plaintiff and WCP are Michael I. Lipson (CEO) and John E. Patton (CFO). Messrs. Lipson and Patton direct, control and coordinate the activities of Plaintiff and WCP from their offices located at One Ravinia Drive, Suite 900, Atlanta, Georgia 30346. Hence, under the "nerve center test", *see Hertz Corp. v. Friend*, 559 U.S. 77 (2010); *Caraustar Custom Packaging Grp., Inc. v. Rock-Tenn Converting Co.,* Case No. 1:10-cv-00192-AT, 2010 WL 11549906, at *1 (N.D. Ga. May 26, 2010), the principal place of business of Plaintiff and WCP is located in Georgia. Thus, Plaintiff is a citizen of Delaware and Georgia.

2.

Defendant Deepak Patel is an individual and, upon information and belief, is a citizen of and domiciled in Texas. Deepak Patel may be served with process at 4503 Wentworth Avenue, Sugar Land, Texas 77479.

3.

Defendant Pushpaben Patel is an individual and, upon information and belief, is a citizen of and domiciled in Texas. Pushpaben Patel may be served with process at 4503 Wentworth Avenue, Sugar Land, Texas 77479.

4.

Defendant Jordan Haas is an individual and, upon information and belief, is a citizen of and domiciled in Alaska. Jordan Haas may be served with process at

64888 Middle Creek Circle, Hope, Alaska 99605 or wherever he may be found.

5.

Defendant June Haas is an individual and, upon information and belief, is a citizen of and domiciled in Alaska. June Haas may be served with process at 64888 Middle Creek Circle, Hope, Alaska 99605 or wherever she may be found.

6.

Defendant Kunal Mody is an individual and, upon information and belief, is a citizen of and domiciled in Illinois. Kunal Mody may be served with process at 1338 W. Belmont, Unit 201, Chicago, Illinois 60657 or wherever he may be found.

7.

Defendant Crystal Patel is an individual and, upon information and belief, is a citizen of and domiciled in Illinois. Crystal Patel may be served with process at 1338 W. Belmont, Unit 201, Chicago, Illinois 60657 or wherever she may be found.

8.

Defendant Ramesh Mody is an individual and, upon information and belief, is a citizen of and domiciled in Arkansas. Ramesh Mody may be served with process at 3418 Commonwealth Drive, Bryant, Arkansas 72022 or wherever he may be found.

9.

Defendant Smita Mody is an individual and, upon information and belief, is a citizen of and domiciled in Arkansas. Smita Mody may be served with process at 3418 Commonwealth Drive, Bryant, Arkansas 72022 or wherever she may be found.

10.

Defendants agreed and consented to the jurisdiction and venue of this Court in the Guaranty (defined below). Specifically, Defendants agreed as follows:

> Each Guarantor agrees and consents to the jurisdiction and venue of any state or federal court sitting in or having jurisdiction over the DeKalb County, Georgia with respect to any legal action, proceeding, or dispute between them and hereby expressly waives any and all rights under applicable law or in equity to object to the jurisdiction and venue of said courts.

(Guaranty, § 14(g).)

11.

Defendants are subject to jurisdiction and venue of this Court pursuant to 28 U.S.C §§ 1332 because Defendants are not citizens of any state of which Plaintiff is also a citizen such that there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12.

Venue is proper under 28 U.S.C. § 1391(b)(2).

## STATEMENT OF RELEVANT FACTS

### The Loan Documents

13.

Plaintiff, an affiliate of and successor in interest to Access Point Financial, LLC ("Access Point"), made a loan to 1221 Locust LLC ("Locust") and 1221 Locust Lease Manager LLC ("Locust Lease", together with Locust, "Borrowers") in the original principal amount of $27,250,000.00, evidenced by that certain Promissory Note dated June 28, 2019 in the original principal amount of $27,250,000.00 payable by Borrowers to Access Point (the "Note"). (A true and correct copy of the Note is attached hereto as **Exhibit A**.)

14.

Borrowers and Access Point are parties to that certain Loan Agreement dated June 28, 2019, as amended by that certain Loan Modification Agreement dated December 29, 2020 (collectively, as amended, the "Loan Agreement").

15.

Defendants executed in favor of Access Point that certain Guaranty Agreement dated June 26, 2019 (the "Guaranty"), pursuant to which each Defendant "irrevocably, absolutely and unconditionally guarantee[d] to Lender the prompt payment when due, whether at stated maturity, by acceleration or otherwise, of the

Debt [as defined in the Guaranty]." (Guaranty, ¶ 1(a).) "Debt" is defined in the Guaranty as "the principal sum evidenced by the Note and secured by the Security Instrument, or so much thereof as may be outstanding from time to time, together with interest thereon at the rates of interest specified in the Note, late fees, prepayment consideration, and all other sums which may or shall become due and payable pursuant to the provisions of the Loan Documents."[1] (Guaranty, ¶ 2(a).) (A true and correct copy of the Guaranty is attached hereto as **Exhibit B**.)

16.

Under the Guaranty, Defendants are liable for all costs (including reasonable fees and expenses of Plaintiff's counsel) incurred by Plaintiff in enforcing performance or collecting payments due under the Guaranty. (Guaranty, ¶ 9.)

17.

Defendants' obligations and liabilities under the Guaranty are joint and several. (Guaranty, ¶ 14(b).)

---

[1] "Security Instrument" means and refers to that certain Fee and Leasehold Deed of Trust and Security Agreement executed by Borrowers dated June 28, 2019, recorded in the Office of the Recorder of Deeds, City of St. Louis on July 11, 2019 in Book 07112019-0168, as amended by that certain Modification to Fee and Leasehold Deed of Trust and Security Agreement dated December 29, 2020, recorded in the aforesaid records on December 31, 2020 in Book 12312020-0070.

**The Forbearance Agreement and Defaults**

18.

Borrowers, Defendants and Access Point executed that certain Forbearance Agreement dated September 30, 2022 (the "Original Forbearance"), amended by that certain Amendment to Forbearance Agreement dated October 6, 2022 (the "Forbearance Amendment", together with the Original Forbearance, the "Forbearance Agreement"). (A true and correct copy of the Forbearance Agreement is attached hereto as **Exhibit C**.) (The Note, Security Instrument and Guaranty, together with all extensions, renewals, refinancings, restructurings, modifications or replacements, in whole or part, thereof are collectively, the "Loan Documents.")

19.

In the Forbearance Agreement, Borrowers acknowledged and agreed that they would be or were in default under the Loan Documents for failing to make full debt service payments as required under the Loan Documents and failing to pay indebtedness (other than obligations owed to Plaintiff) beyond applicable cure periods, as required by Section 7.1(h) of the Security Instrument.

20.

In the Forbearance Agreement, Access Point agreed to forbear from exercising remedies through and including December 31, 2022 (the "Forbearance

Termination Date").

21.

Section 9(b) of the Forbearance Agreement provides that Lender may declare the indebtedness owed under the Loan Documents immediately due and payable if Borrowers fail to provide to Lender within ten (10) days after the Forbearance Termination Date (i) proof of payment in full of all amounts on the Accounts Payable Schedule (as defined in the Original Forbearance) and (ii) payment in full of all amounts of interest deferred by Lender for the months of October 2022, November 2022 and December 2022.  (Original Forbearance, § 9(b).)

22.

Borrowers failed, within ten (10) days after the Forbearance Termination Date, to (i) provide proof of payment in full of the amounts on the Accounts Payable Schedule and (ii) pay in full all amounts of deferred interest for the months of October 2022, November 2022 and December 2022.

23.

On or about December 31, 2022, Access Point transferred and assigned the Loan Documents to Plaintiff.  Accordingly, Plaintiff is the current holder of the Loan Documents.

24.

On February 9, 2023, Plaintiff sent written notice to Borrowers and Defendants, accelerated the indebtedness owed under the Loan Documents, and demanded the immediate payment of all amounts owed under the Loan Documents. (A true and correct copy of the February 9, 2023 letter is attached hereto as **Exhibit D**.)

25.

Plaintiff fully complied with its obligations under the Note, Guaranty and other Loan Documents, and all conditions precedent to Defendants' obligations to repay the sums due under the Note, Guaranty and other Loan Documents have been fulfilled or waived.

## COUNT I
## SUIT ON GUARANTY

26.

The allegations contained in paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

27.

Borrowers are in default under the Note, Security Instrument and other Loan Documents.

28.

Borrowers are in default under the Forbearance Agreement.

29.

Guarantors are in default under the Guaranty.

30.

Despite proper demand being made on Guarantors for payment of amounts owed under the Note, Guaranty and other Loan Documents, Guarantors have refused and/or failed to make the payments required thereunder.

31.

As of April 30, 2023, the following amounts are due and owing under the Note, Guaranty and other Loan Documents (excluding Lender's attorneys' fees and expenses):

| | |
|---|---:|
| Principal | $25,218,457.00 |
| Interest (10/01/2022-04/30/2023) | $752,680.03 |
| Default Interest (11/01/2022-04/30/2023) | $622,189.76 |
| Deferred Interest (04/01/2023-04/30/2023) | $189,138.43 |
| Exit Fee | $545,000.00 |
| Late Fees | $33,316.24 |
| Commitment Fee | $131,526.00 |
| UCC Fee | $600.00 |
| Release Fee | $400.00 |
| Recording Fees | $600.00 |
| Payoff Quote Preparation Fee | $250.00 |
| Total | $27,494,157.46 |

32.

In the Guaranty and Forbearance Agreement, Defendants agreed to pay Plaintiff's actual attorneys' fees with respect or related to the Loan Documents or their enforcement and drafting and negotiation of the Forbearance Agreement. (*See* Original Forbearance, § 9(f); Guaranty, § 9.)

33.

Defendants are hereby notified by Plaintiff that Plaintiff intends to enforce the provisions of the Loan Documents relative to payment of attorneys' fees. Pursuant to the Loan Documents and O.C.G.A. § 13-1-11, Defendants have ten (10) days from the date of service of this Complaint within which to pay all sums due under the Guaranty and other Loan Documents without also being liable to Plaintiff for attorneys' fees. Defendants can avoid the obligation to pay attorneys' fees by paying all sums due under the Guaranty and other Loan Documents within ten (10) days after service of this Complaint upon them. If Defendants fail to pay the sums due under the Guaranty and other Loan Documents within ten (10) days of the date of service of this Complaint upon them, Defendants shall be liable to for Plaintiff's reasonable attorneys' fees and expenses actually incurred. (*See* Original Forbearance, § 9(f); Guaranty, § 9.)

34.

In the alternative, Defendants' failure to pay the amounts owed under the Guaranty and other Loan Documents is in bad faith, constitutes stubborn litigiousness and has caused Plaintiff unnecessary trouble and expense, thereby entitling Plaintiff to recover its expenses of litigation, including reasonable attorneys' fees and expenses actually incurred, pursuant to O.C.G.A. § 13-6-11.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a)   Against Defendants Deepak Patel, Pushpaben Patel, Jordan Haas, June Haas, Kunal Mody, Crystal Patel, Ramesh Mody and Smita Mody, jointly and severally, for all amounts owed under the Note, Guaranty and other Loan Documents;

(b)   Against Defendants Deepak Patel, Pushpaben Patel, Jordan Haas, June Haas, Kunal Mody, Crystal Patel, Ramesh Mody and Smita Mody, jointly and severally, for Plaintiff's attorneys' fees and expenses;

(c)   For post-judgment interest as provided by law;

(d)   For all costs of court; and

(e)   For such other and further relief as this Court deems just and proper.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HDDA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DEEPAK PATEL, et al.,<br><br>    Defendants. | Case No. _____ |

Respectfully submitted, this 25th day of April 2023.

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Telephone:  (404) 233-7000
Facsimile:   (404) 365-9532

**MORRIS, MANNING & MARTIN, LLP**

By: /s/ Lisa Wolgast
    Frank W. DeBorde
    Georgia Bar No. 215415
    fwd@mmmlaw.com
    Lisa Wolgast
    Georgia Bar No. 773399
    lwolgast@mmmlaw.com
    *Attorneys for Plaintiff*

[signature page to Complaint]